Baldwin v. Egan.

## CORPORATIONS—RESCISSION.

[Hamilton (1st) Circuit Court, December 7, 1908.]

Giffen, Smith and Swing, JJ.

### FRANCIS H. BALDWIN V. THOMAS P. EGAN ET AL.

1. RETENTION OF REAL ESTATE, ACQUIRED BY CORPORATION UNDER ULTRA VIRES CONTRACT, JUSTIFIED BY NECESSITIES OF COMPANY, NOT RESCINDED.

   Retention of real estate, acquired by a corporation under an ultra vires! contract and in compromise of pending suits, being justified by the necessities of the company, the agreement will not be rescinded and reconveyance ordered in the absence of fraud or bad faith.

2. CONTRACT DESIGNATING PURCHASER "I" SIGNED WITH CORPORATE NAME BY ITS PRESIDENT, THAT OF CORPORATION.

   Contract referring to purchaser of real estate by the pronoun "I" and signed with the corporate name by its president, is the contract of the corporation.

ERROR to common pleas court.

*Charles B. Wilby,* for plaintiff in error.

*Morrison R. Waite,* for defendant in error.

GIFFEN, J.

The contract of February 16, 1893, although referring to the purchaser of the real estate by the pronoun "I" is signed by "The Egan Company. Thos. P. Egan, Pres't," and is therefore the contract of the company.

The agreement to pay $30,000 in stock of the J. A. Fay & Egan Company for the real estate and the agreement to repurchase the stock on or before ten years from date at $45,000, constituted one indivisible contract, and was assumed by the J. A. Fay & Egan Company when it purchased the business —assumed and agreed to pay the debts and liabilities of the Egan Company.

The contract could not, although *ultra vires,* be rescinded without a tender and ultimate reconveyance of the real estate.

The necessities of the company justified the retention of the real estate and a compromise of the pending suits to recover the $45,000 on return of the stock, and in the absence of fraud and bad faith the judgment will be affirmed.

**Smith** and **Swing, JJ.,** concur.